IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ADELA ORANGE, )
)
        Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV506-015
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
        Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("ALJ Gold" or "the ALJ") denying her claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed applications for Supplemental Security Income on August 1, 2003, and for Disability Insurance Benefits on August 14, 2003, alleging that she became disabled on September 15, 2001[1] due to asthma, arthritis/fibromyalgia, and

---

[1] Plaintiff alleged in her applications that her disability began September 15, 2001. However, she previously filed an application on June 5, 2002 also alleging disability since September 15, 2001. That application was denied on July 24, 2003. The ALJ, therefore, construed Plaintiff's new applications as an implicit request that the prior application be reopened, and denied that request absent a finding of good cause or any other basis to reopen. Thus, the ALJ's decision in the present case pertains only to the time

hypertension. (Tr. at 16-17). After her claims were denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Tr. at 16). On March 4, 2005, ALJ Gold held a teleconference hearing at which Plaintiff appeared and testified. (Tr. at 16). Don Harrison, a vocational expert, also testified at the hearing. (Id.). ALJ Gold found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Tr. at 17). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 8).

Plaintiff, born on May 21, 1977, was twenty-eight (28) years old when ALJ Gold issued his decision. (Tr. at 17). She has a tenth grade education. (Id.). Her past work experience includes employment as a grocery cashier, certified nurse's assistant, and house keeper/janitor. (Id.).

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in a "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in a substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the

---

period subsequent to the date of decision on the prior application, July 24, 2003. Accordingly, the earliest Plaintiff can be found to be disabled is July 24, 2003. (Tr. at 16).

evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 17). At step two, the ALJ found that Plaintiff has asthma, high blood pressure, and fibromyalgia, all impairments that are considered "severe" within the Act. (Tr. at 18). However, the ALJ concluded that Plaintiff's medically determinable impairments did not meet or medically equal, either singly or in combination, a listed impairment. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform a wide range of light exertional work with environmental restrictions to avoid concentrated exposure to pulmonary irritants. (Tr. at 21). At the

fourth step of the process, the ALJ concluded that Plaintiff's impairments do not preclude her from returning to her past relevant work activity. (Id.). Notwithstanding his determinative finding at step four, ALJ Gold went on to conclude that additionally, based on her residual functional capacity, age, education, and past relevant work experience, there are a significant number of other jobs existing in the national economy that Plaintiff can perform. (Tr. at 22). Accordingly, ALJ Gold determined that Plaintiff was not disabled within the meaning of the Act. (Id.).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or

Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ erred in discounting the opinions of her treating physicians. Plaintiff asserts that the ALJ failed to establish good cause for rejecting certain medical source opinions and that therefore, his findings are not supported by substantial evidence. Conversely, Respondent contends that the ALJ's findings are supported by the totality of the medical evidence.

A treating physician's opinion is entitled to substantial weight unless good cause not to accord such exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

Regarding Dr. Maramreddy, ALJ Gold specifically rejected his findings relating to Plaintiff's ability to work:

> Although Dr. Maramreddy is a treating physician, his treatment notes and the objective evidence of record, do not supply support for the findings he

> made in the Medical Opinion of Ability to Do Work-Related Activities (physical). As discussed above, Dr. Maramreddy's treatment notes contain only subjective reports by the claimant of having pain in her joints. There are no x-rays showing evidence of the claimant's alleged arthritis and Dr. Maramreddy's own records have not reported any objective physical findings such as swelling, warmth, crepitus, etc., that would support his opinion that the claimant has significant limitations as a result of arthritis or arthralgias. Further, the doctor's treatment notes also consistently found that the claimant was not experiencing shortness of breath, wheezing, or any other symptoms of asthma during her office visits. Although the claimant's blood pressure was somewhat elevated during several office visits, Dr. Maramreddy's notes do not discuss any adverse secondary affects from her hypertension. Accordingly, the opinions and findings expressed by Dr. Maramreddy in his report are assigned no evidentiary value or any significant weight in this decision.

(Tr. at 19). The ALJ explicitly rejected Dr. Maramreddy's opinion concerning Plaintiff's work-related restrictions and provided good cause for doing so. ALJ Gold found Dr. Maramreddy's opinion unsupported by objective medical evidence and inconsistent with his own treatment notes. Contrary to Plaintiff's assertions, the ALJ is not "requiring x-ray evidence" to document Plaintiff's complaints (Doc. No. 28, p. 11), but he is instead rejecting an opinion as to Plaintiff's ability to work because the opinion is unsupported by any objective medical evidence, including x-rays or any other physical findings.

Plaintiff next asserts that the ALJ erred in discounting the same findings of Dr. Maramreddy "because he says [Dr. Maramreddy] bases his opinion only on her subjective complaints." (Doc. No. 28, p. 11). Plaintiff contends that "[t]his is not true," because two physicians to whom Dr. Maramreddy referred Plaintiff diagnosed her with fibromyalgia. (Id. at 11-12). However, the fact that Drs. Tidmore and Galea treated Plaintiff for fibromyalgia would appear irrelevant to Dr. Maramreddy's opinion on Plaintiff's ability to do work. As the ALJ noted, Dr. Maramreddy "reported that the claimant's work-related restrictions were caused by her asthma, hypertension, anemia,

and arthralgias." (Tr. at 19, 313). Because none of Dr. Maramreddy's findings in his "Medical Opinion of Ability to Do Work-Related Activities" report were based on medical findings of fibromyalgia, the fact that Drs. Tidmore and Galea provided medical evidence supporting the existence of that condition would be wholly irrelevant to ALJ Gold's consideration of Maramreddy's report.

Plaintiff next contends that having "discredited the findings of all treating doctors (Galea, Tidmore, Maramreddy), [the ALJ] was left with no medical opinion upon which to base his findings." (Doc. No. 28, p. 12). However, the only opinion ALJ Gold actually discounted was Dr. Maramreddy's, and Gold only rejected his opinion as to Plaintiff's work-related restrictions expressed in his "Medical Opinion of Ability to Do Work-Related Activities" report. (Tr. at 19). In his report, the ALJ outlined in detail Plaintiff's medical records, including her treatment by these physicians. Furthermore, even though the ALJ concluded that this medical evidence "provides little objective support for the claimant's allegations of severe impairments due to asthma, high blood pressure, and fibromyalgia, *giving her the benefit of every doubt*," he did credit her with "severe" limitations, just not limitations rising to the level of disability. (Tr. at 20) (emphasis added).

Plaintiff asserts that the ALJ lacked good cause to reject Dr. Galea's opinion because "in one place [the ALJ] says she does not have fibromyalgia and another place he says that she has fibromyalgia and it is a severe impairment . . . ." (Doc. No. 28, pp. 13-14). This mischaracterizes the ALJ's findings. ALJ Gold did not discredit Dr. Galea's opinion. Instead, he merely noted that Dr. Galea "gave the claimant a diagnosis of fibromyalgia, [but] he stated that her symptoms were not exactly typical of

fibromyalgia" and that Dr. Galea's examination "did not find any evidence of trigger points, which is an essential finding for the diagnosis of fibromyalgia." (Tr. at 20). Again, after summarizing Galea's findings as to the existence of fibromyalgia and concluding that "little objective support" exists for her allegations of a severe impairment, the ALJ still credited her with having severe fibromyalgia within the meaning of the regulations. (Id.). The ALJ's findings on this point are clearly not contradictory in any way.

It is clear that the ALJ properly evaluated the medical sources in this case, and where he rejected a treating physician's opinion, explicitly articulated good cause for doing so. The undersigned therefore concludes that the ALJ's findings are based upon substantial evidence and that the appropriate legal standards were applied in Plaintiff's case.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 10th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE